## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

LUIS A. CORZO                                     CIVIL ACTION

versus                                            NO. 07-7409

STATE JUDGE ROBERT M. MURPHY                      SECTION: "N" (1)

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).[1]  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination.  According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Luis A. Corzo, is a state prisoner incarcerated at the Franklin Parish Detention Center, Winnsboro, Louisiana, as a result of his convictions in the Louisiana Twenty-Fourth Judicial District Court.  On July 21, 2005, he pleaded guilty in case number 01-2666 to one count of simple burglary and was sentenced to a term of five years imprisonment.  On that same date, he also pleaded guilty in case number 01-2754 to one count of conspiracy to commit armed robbery, five counts of armed robbery, and two counts of attempted armed robbery.  He was sentenced to nine years imprisonment on the conspiracy conviction, fifteen years imprisonment on each of the armed robbery convictions, and five years imprisonment on both of the attempted armed robbery convictions.  It was ordered that the sentence on the conspiracy conviction be served consecutively to the other sentences, all of which were to run concurrently.  It was further ordered that all of the sentences in case number 01-2754 be served without benefit of probation, parole or suspension of sentence.[2]

After unsuccessfully seeking post-conviction relief in the state courts, petitioner filed the instant federal application for *habeas corpus* relief on or about October 19, 2007.[3]  Although petitioner's statement of his claims is muddled at best, he appears to be arguing that he is entitled to relief on the following grounds:

1.      The trial judge failed to comply with an order of remand;

2.      Petitioner was illegally sentenced; and

---

[2]  State Rec., Vol. II of VIII, transcript of July 21, 2005; State Rec., Vols. II and V of VIII, minute entries dated July 21, 2005.

[3] Rec. Doc. 3.

3.      Petitioner was subjected to double jeopardy.[4]

The state concedes that petitioner's application is timely.[5]

Failure to Comply with Order of Remand

Petitioner originally pleaded guilty to the charged offenses in 2001.  However, on February 15, 2005, the Louisiana Fifth Circuit Court of Appeal vacated those pleas, ordering:

> [T]he defendant's convictions and sentences pursuant to the joint plea agreement are vacated, and the case remanded for further proceedings giving the defendant the options to either plead guilty and have imposed a sentence no greater than the original sentence, or proceed to trial on the charged offenses.[6]

In the instant proceeding, petitioner appears to claim that the trial judge failed to comply with that order of remand.  Petitioner does not explain his claim, and this Court fails to see any respect in which the trial judge violated the order of remand.  In the remanded proceeding,

---

[4] The first two claims were included on the § 2254 form and the third claim was included in the attached memorandum.

[5] Rec. Doc. 22, p. 5.  The state argues that petitioner failed to exhaust his state court remedies and, therefore, his claim or claims are procedurally barred.  Even if that is true, a federal court has the authority to deny *habeas* claims on the merits, regardless of whether petitioner exhausted state court remedies and whether exhaustion is waived by the state.  28 U.S.C. § 2254(b)(2); Jones v. Jones, 163 F.3d 285, 299 (5th Cir. 1998); Woods v. Cain, Civil Action No. 06-2032, 2008 WL 2067002, at *8 n.8 (E.D. La. May 13, 2008).  Further, this Court need not decide whether a petitioner's claims are procedurally barred if the claims fail on the merits.  See Glover v. Hargett, 56 F.3d 682, 684 (5th Cir. 1995); Wiley v. Puckett, 969 F.2d 86, 104 (5th Cir. 1992).  Because petitioner's claims clearly have no merit, the undersigned finds the better course is simply to consider and reject the claims on that basis.

[6] State v. Corzo, 896 So.2d 1101, 1105 (La. App. 5th Cir. 2005) (No. 04-KA-791); see also State v. Corzo, 895 So.2d 84 (La. App. 5th Cir. 2005) (No. 04-KA-1087)(Table).

petitioner elected to again plead guilty, and the trial judge accepted the pleas.[7]  The new sentences imposed did not exceed those imposed in the original proceeding.[8]  Accordingly, petitioner has failed to show that he is entitled to relief based on this claim.

Illegal Sentence

Petitioner next appears to argue that he was illegally sentenced to fifteen years, rather than ten years, on the armed robbery convictions.  Again, he does not explain this claim; however, regardless of how the claim is interpreted, it has no merit.

To the extent that petitioner is arguing that ten years is the maximum sentence for an armed robbery conviction or that a sentence of fifteen years exceeds the statutory maximum, he is clearly wrong.  Louisiana law provides: "Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than ten years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence."  La.Rev.Stat.Ann. § 14:64(B).

To the extent that petitioner is arguing that a fifteen-year sentence could not be imposed in the remanded proceeding because only a ten-year sentence had been imposed in the original proceeding, that is factually incorrect.  Because petitioner used a firearm when committing the armed robberies, Louisiana law required that his base sentences on the armed robbery convictions be enhanced by five additional years.  La.Rev.Stat.Ann. 14:64.3(A).  In the original sentencing proceeding, the judge phrased each of the armed robbery sentences as follows: "10 years

---

[7] State Rec., Vol. II of VIII, transcript of July 21, 2005.

[8] The same sentences were imposed as in the original proceeding, except that a longer sentence, i.e. ten years, had been imposed in the original proceeding with respect to the conspiracy conviction. See State Rec., Vol. VI of VIII, transcript of February 27, 2002, pp. 4-5.

at hard labor without benefit of parole, probation or suspension of sentence; plus 5 years at hard labor without benefit of parole, probation or suspension of sentence to run consecutive to the armed robbery sentence in this count."[9]   In the remanded proceeding, the judge simply stated he was sentencing petitioner on each of the armed robbery convictions to fifteen years imprisonment without benefit of parole, probation or suspension; however, in that same proceeding, it was explained that the fifteen-year sentence was composed of the base ten-year minimum sentence plus the five-year firearm enhancement.[10]   Accordingly, petitioner received exactly the same sentences on the armed robbery convictions in the two proceedings.

To the extent petitioner is arguing that his sentences are excessive or otherwise inappropriate under Louisiana law, that claim is not cognizable in this federal proceeding.  Federal *habeas corpus* relief is available only for violations of federal constitutional law and, therefore, this Court does not sit to review alleged errors of state law.  Narvaiz v. Johnson, 134 F.3d 688, 695 (5th Cir. 1998).

To the extent that petitioner is arguing that a ten-year sentence for armed robbery is unconstitutionally excessive under the United States Constitution, that contention is meritless.  It has been repeatedly held that not even the statutory maximum sentence of ninety-nine years is constitutionally excessive for the grave crime of armed robbery.  See, e.g., Glover v. Hargett, 56 F.3d 682, 685 (5th Cir. 1995); Wimberley v. Whitley, No. 94-31063, 1994 WL 684703, at *1 (5th Cir. 1994); Simms v. Cain, Civil Action No. 07-966, 2008 WL 624073, at *18 (E.D. La. Mar. 4, 2008).

---

[9] State Rec., Vol. VI of VIII, transcript of February 27, 2002, pp. 4-5.

[10]  State Rec., Vol. II of VIII, transcript of July 21, 2005, pp. 9-11 and 14.

Accordingly, petitioner is not entitled to relief based on this claim.

Double Jeopardy

Citing Burks v. United States, 437 U.S. 1 (1978), and Greene v. Massey, 437 U.S. 19 (1978), petitioner claims that his rights under the Double Jeopardy Clause were violated.[11] Burks and Greene stand for the proposition that, if a reviewing court reverses a conviction because there was insufficient evidence to support the verdict, then the Double Jeopardy Clause precludes the trial court from retrying the defendant on the charge.  However, in the prior proceeding, petitioner did not go to trial; he pleaded guilty.  The appellate court's subsequent decision vacating petitioner's guilty pleas was based on a legal flaw in the proceeding, not due to insufficiency of the evidence.  Therefore, Burks and Greene are simply inapposite to petitioner's case.  Moore v. Nelson, 49 Fed. App'x 250, 252 (10th Cir. 2002).  Further, as the United States Fifth Circuit Court of Appeal has noted:  "The Double Jeopardy Clause is not violated when a criminal defendant pleads guilty while reserving his right to appeal, prevails on appeal, and consequently must either re-plead, endure

---

[11]  The protection against double jeopardy is enshrined in the Fifth Amendment and made enforceable against the states through the Fourteenth Amendment.  Benton v. Maryland, 395 U.S. 784, 794 (1969); Rogers v. Lynaugh, 848 F.2d 606, 611 (5th Cir. 1988).  The United States Supreme Court has held:

> That guarantee has been said to consist of three separate constitutional protections.  It protects against a second prosecution for the same offense after acquittal.  It protects against a second prosecution for the same offense after conviction.  And it protects against multiple punishments for the same offense.

North Carolina v. Pearce, 395 U.S. 711, 717 (1969) (footnotes omitted), overruled in part on other grounds, Alabama v. Smith, 490 U.S. 794, 802-03 (1989); see also Department of Revenue v. Montana, 511 U.S. 767, 769 n.1 (1994).

further pre-trial proceedings, or go to trial." United States v. Martinez-Gaytan, 213 F.3d 890, 893 n.3 (5th Cir. 2000).  Accordingly, petitioner's Double Jeopardy claim is without merit.[12]

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that petitioner's application for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

---

[12]   The Court notes that petitioner presented a different Double Jeopardy claim in the state post-conviction proceedings.  In those proceedings, he argued that the Double Jeopardy Clause was violated when he was prosecuted and convicted of both armed robbery and conspiracy to commit armed robbery.  He does not appear to present that claim in this proceeding.  However, out of an abundance of caution, the Court notes that even if petitioner's application were construed as also presenting that claim, it likewise has no merit.  As the state court noted in rejecting petitioner's claim, state law expressly provides that conspiracy is a separate and distinct offense. La.Rev.Stat.Ann. § 14:26 ("If the intended basic crime has been consummated, the conspirators may be tried for either the conspiracy or the completed offense, and a conviction for one does not bar prosecution for the other.").  That provision does not offend the Double Jeopardy Clause.  See United States v. Felix, 503 U.S. 378 (1992); United States v. Bayer, 331 U.S. 532 (1947).

The Court also notes that, in the state post-conviction proceedings, petitioner argued that his counsel was ineffective for failing to advise petitioner of the Double Jeopardy problem.  Again, even if the instant petitioner were liberally construed as presenting that claim, it is also meritless.  In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel.  To prevail on such a claim, a petitioner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense.  Id. at 697.  Because there was in fact no Double Jeopardy problem, counsel did not perform deficiently in that regard and petitioner suffered no prejudice.

a failure to object.  <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-third day of June, 2008.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**